

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# In Re: Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1849

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Banks " (2007). *2007 Decisions.* Paper 977.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/977

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-242                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1849
_____

IN RE: FREDERICK H. BANKS,

                                         Debtor

FREDERICK H. BANKS,

                              Appellant

v.

BARRY FOX; BARRY FOX
AND ASSOCIATES INC.
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00614)
District Judge: Honorable Joy Flowers Conti
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 24, 2007

Before:   BARRY, AMBRO and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed June 8, 2007)
_____

OPINION
_____

PER CURIAM

      On November 1, 2001, Frederick H. Banks filed for bankruptcy protection under

Chapter 7 of the Bankruptcy Code. The appointed trustee in bankruptcy filed a report of no assets. In 2005, Banks instituted many adversary actions, including the one at issue in this appeal. The Bankruptcy Court, holding that it lacked subject-matter jurisdiction over the adversary actions because they related only to post-petition acts unrelated to the administration of Banks' bankruptcy case, dismissed them. Banks appealed to the District Court. The District Court affirmed the order dismissing the adversary actions. Banks appeals.

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. We exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal determinations to plenary review and reviewing its factual findings for clear error. See In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005).

In similar appeals brought by Banks, we have visited the issues relevant to this case. As in those other cases, we will summarily affirm because no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. We repeat the reasoning most pertinent to our decision.

The Bankruptcy Court lacked subject-matter jurisdiction over the listed adversary action.[1] Two statutes, 28 U.S.C. §§ 1334 and 157, provide the source of a bankruptcy

_____

[1]Although Banks took issue in the District Court with the Bankruptcy Court's action to dismiss his adversary actions sua sponte, as the District Court explained, the Bankruptcy Court was obligated to evaluate its jurisdiction and dismiss the actions over which it

2

court's jurisdiction.  See Binder v. Price Waterhouse & Co., 372 F.3d 154, 161 (3d Cir. 2004).  Under these statutes, and relevant to our analysis here, a bankruptcy court has jurisdiction over those cases "'at least "related to" the bankruptcy.'"  In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 266 (3d Cir. 1991) (citations omitted).  Litigation is related to a bankruptcy if its outcome could "conceivably have any effect on the estate being administrated in bankruptcy."  See Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); see also In re Marcus Hook Dev. Park, Inc., 943 F.2d at 264 (stressing the term "conceivably").  More specifically, an action is related to bankruptcy if its outcome "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate."  See Pacor, 743 F.2d at 994.  The listed adversary action was unrelated to bankruptcy because, as Banks plainly alleged in his complaint, the supposed wrongs occurred in February 2003 and beyond, after he had filed for bankruptcy protection.  Accordingly, his claims are not property of the bankruptcy estate such that their resolution would affect the handling or administration of the estate.  See In re Bobroff, 766 F.2d 797, 803 (3d Cir. 1985) (citing 11 U.S.C. § 541 for the proposition that "the only property interests of a debtor that become part of the estate are those existing 'as of the commencement of the case.'")

In sum, because the Bankruptcy Court lacked subject-matter jurisdiction, we will affirm the order insomuch as it dismissed the listed adversary action.

lacked jurisdiction.

3